Argued April 24, reversed and remanded May 12, 1975

CHOCHREK, *Petitioner, v.* OREGON STATE
PENITENTIARY (No. 11-74-118), *Respondent.*

534 P2d 1175

*John K. Hoover,* Deputy Public Defender, Salem,
argued the cause for petitioner. With him on the
brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the. brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort,
Judges.

SCHWAB, C. J.

Petitioner, an inmate in the Oregon State Peni-
tentiary, contends that the disciplinary committee
erred in finding him guilty of disruptive behavior. At
the hearing petitioner presented affidavits he had

personally obtained from other inmates. The committee's findings of fact state:

"The affidavits submitted by inmate Chochrek are viewed with distrust based on the premise that to permit inmates to be required to face an inmate and swear an affidavit which was typed by the inmate seeking the information or otherwise solicited is not permitted under the Rules of Procedure * * *."

The only relevant rule to which our attention has been called is Rule IV(5)(a) of the Procedures for Disciplinary Action which provides:

"An inmate has the right to speak in his own behalf. The inmate may also present letters, documents, or affidavits at the hearing."

There may be good reason for a rule providing that the affidavits referred to in Rule IV(5)(a) must be solicited by and procured through a third party rather than by and through the inmate himself. Nevertheless, there presently is no such rule. There may have been valid factual reasons for viewing with distrust the affidavits presented by petitioner, but the fact remains that the committee's finding was predicated on a non-existent rule.

Reversed and remanded.